## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Ervin Brown,

                 Petitioner,       Case No. 14-cv-14771

                                      Hon. Judith E. Levy

v.                                  Mag. Judge Elizabeth A. Stafford

Steven Rivard,

                 Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Ervin Brown, confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), conspiracy to commit first-degree home invasion, Mich. Comp. Laws § 750.157a, unlawful imprisonment, Mich. Comp. Laws § 750.349b, five counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and being a third-offense

habitual offender, Mich. Comp. Laws § 769.11.  For the reasons set forth below, the petition is denied.

## I.  Background

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court.   The relevant facts regarding Petitioner's conviction are cited verbatim from the Michigan Court of Appeals' opinion affirming Petitioner's conviction, because they are presumed correct on habeas review.  28 U.S.C. § 2254(e)(1); *see Wagner v. Smith,* 581 F. 3d 410, 413 (6th Cir. 2009).

> On January 13, 2011, defendant gave Porter Smith a ride to the victims' home.  Smith identified the female victim as an ex-girlfriend and told defendant that he expected her to give him some money to fix his truck.  Defendant suspected that Smith intended to force her to give him the money.  When they arrived at the home, Smith entered wearing a ski mask and found the female victim in the bedroom with her husband.   Smith threatened to shoot them unless they turned over their money and valuables and ordered the victims to strip.  When the female victim did not respond, defendant and Smith removed her clothes.  They had both victims lie on the floor while they searched the home. Defendant and Smith fled the residence after completing the robbery, and were apprehended by the police shortly after leaving.  The police subsequently recovered Smith's ski-mask and handgun from a nearby alley.  Defendant was convicted as previously stated, and this appeal ensued.

2

*People v. Brown*, No. 310818, 2013 Mich. App. LEXIS 1619, at *1-2 (Mich. Ct. App. Oct. 15, 2013).

Petitioner's conviction was affirmed by the Michigan Court of Appeals, see *id.* at *7, and the Michigan Supreme Court denied Petitioner's application for leave to appeal the judgment of the Court of Appeals. *See People v. Brown*, 843 N.W.2d 502, 502 (Mich. 2014). At issue is Petitioner's writ of habeas corpus, in which Petitioner argues that there was insufficient evidence to convict him of possession of a firearm during the commission of a felony ("felony firearm"), the trial court erred in scoring Offense Variable ("OV") 7 during sentencing, he was denied effective assistance of counsel when his counsel failed to properly object to the trial court's scoring of OV 7, and the trial court erred in denying his motion for resentencing.

## II.  Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a federal court can order habeas relief only if the state's adjudication of a claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

3

Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d). In applying these standards, this Court is to examine the holdings of the Supreme Court as they existed at "the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The Court can, however, look to decisions of other courts to determine whether a legal principle has been clearly established by the Supreme Court.  *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009); *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of that decision."  *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III.   Analysis

### a. Sufficiency of the evidence claim

Petitioner argues that there was insufficient evidence to support his felony-firearm convictions.  (*See* Dkt. 1 at 21-24.)  Petitioner acknowledges that Ms. Thomas, the female victim, testified at trial that

Petitioner was armed with a firearm.  (*Id.* at 22.)  But he argues that no rational juror could have found beyond a reasonable doubt that he "actually possessed a gun," because Ms. Thomas' testimony was equivocal, specifically because she testified that she was "almost sure" that Petitioner had a firearm before she testified that she was "certain." (*Id.*)   Petitioner also notes that Ms. Thomas previously stated at Petitioner's preliminary examination that she was not sure that Petitioner possessed a firearm during the incident.  (*Id.*; *see* Dkt. 10-3 at 33 ("Q  Did you see him with anything?  A  I'm not sure.  I--I can't be a hundred percent sure.").)   And Petitioner notes that although he was arrested almost immediately after fleeing the victims' home, the police were only able to recover the firearm used by his co-defendant when they searched the relevant area.  (Dkt. 1 at 22.)

The critical inquiry is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  *Id.* at 318-19 (quoting *Woodby v. Immigration & Naturalization Serv.*, 385 U.S. 276, 282

(1966)) (emphasis in original). Instead, the relevant question is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (internal citation and footnote omitted) (emphasis in the original).

Put differently, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality," and the state court's decision on this question "is entitled to considerable deference under AEDPA." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012). Under the AEDPA standard, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim unless the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011). And relevant here, a federal habeas court has "no license to redetermine credibility of witnesses." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder, here the state trial court, to weigh the probative value of the evidence and resolve any conflicts in the testimony." *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). The "mere existence of sufficient

6

evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003).

Under Michigan law, "[t]he elements of felony-firearm are that [defendant] possessed a firearm while committing, or while attempting to commit, a felony offense." *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007) (citing Mich. Comp. Laws § 750.227b). Petitioner makes the same insufficiency of the evidence argument here that he made to the Michigan Court of Appeals. *See People v. Brown*, 2013 Mich. App. LEXIS 1619, at *2-3. The Michigan court considered and rejected his claim:

> The female victim testified at trial that defendant was armed during the home invasion. Viewing the evidence in the light most favorable to the prosecution, we conclude that the eyewitness account of the victim, who had extended time to observe defendant, is sufficient to support a reasonable finding that defendant was armed during the home invasion. Moreover, when the female victim's testimony is considered in context, it is clear that any equivocation she may have had was retracted. Moreover, it was the role of the jury to determine whether the victim's testimony that defendant was armed was credible. Finally, defendant had an opportunity, however brief, to discard the weapon in the time between the commission of the home invasion and defendant's subsequent apprehension. Accordingly, defendant's felony-firearm convictions were sufficiently supported by the evidence.

*Id.* at *3-4.

Under AEDPA and the *Jackson* standard, there was sufficient evidence from which a rational trier of fact could conclude that Petitioner possessed a firearm during the commission of the various felony offenses.  Ms. Thomas testified at trial that she was certain that Petitioner was armed with a firearm during the home invasion and robbery.  (Dkt. 10-9 at 31 ("Q  Now, did you notice a weapon in Mr. Brown's hand?  A  Yes, I did.  Q  And are you certain of that?  A  Yes, I am.").)  The victim's testimony is itself sufficient to support Petitioner's felony-firearm convictions.  *See, e.g.*, *Hudson v. Lafler*, 421 F. App'x 619, 626 (6th Cir. 2011); *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) ("[T]his Court has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction.").  And as noted above, a federal habeas court cannot consider Petitioner's argument that Ms. Thomas' testimony was equivocal.  *Marshall*, 459 U.S. at 434 ("[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").  Such an attack "simply challenges [] the quality of the government's evidence and not [] the sufficiency of the evidence."

*Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002) (quoting *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir.1984)). But the "mere existence of sufficient evidence to convict defeats a petitioner's claim." *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000).

Insofar as Petitioner argues that the verdict was against the great weight of evidence, federal courts have no power to grant habeas relief on this basis "unless the record is so devoid of evidentiary support that a due process issue is raised," because such a claim "is not of constitutional dimension." *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004) (citing *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985); *Crenshaw v. Renico,* 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *Griggs v. State of Kansas,* 814 F. Supp. 60, 62 (D. Kan. 1993)). "The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it." *Dell,* 194 F. Supp. 2d at 648. Because the Court has already found that there was sufficient evidence to support Petitioner's convictions, habeas relief cannot be granted even if the verdict went

against the great weight of the evidence. *Id.* The Court thus cannot grant habeas relief on this claim.[1]

### b. OV 7 scoring and denial of motion for resentencing claims

In his second claim, Petitioner contends that the trial judge erred in scoring fifty points under OV 7 of the Michigan Sentencing Guidelines, (Dkt. 1 at 25-28), which relates to aggravated physical abuse. *See* Mich. Comp. Laws § 777.37. In his related fourth claim, Petitioner argues that the trial judge erred in denying his post-judgment motion for resentencing, in which Petitioner made the same arguments. (Dkt. 1 at 13-16.) Under the guidelines, a defendant is scored fifty points when a "victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." *Id.* § 777.37(1)(a); *see also People v. Hardy*, 835 N.W.2d 340, 345 (Mich. 2013).

---

[1] Because there was sufficient evidence for the jury to find beyond a reasonable doubt that Petitioner possessed a firearm during the commission of a felony, there is no need to address Petitioner's argument that there was insufficient evidence to support his felony-firearm convictions under an aiding-and-abetting theory. (*See* Dkt. 1 at 23-24.)

Federal habeas courts afford state courts "wide discretion" for sentencing decisions. *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus claims that arise out of a state trial court's sentencing decision "are not generally cognizable upon federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Id.* When a petitioner "alleges only errors of state sentencing law, his claims are not cognizable on habeas review." *Id.*; *see Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) ("[A] sentence imposed within the statutory limits . . . is not generally subject to appellate review.").

Petitioner argues that "the trial court erred in its application of the guidelines." (Dkt. 1 at 25-28.) But the Michigan Court of Appeals addressed the same argument and denied relief:

> In this case, the record shows that defendant assisted in stripping the female victim during the home invasion. The record also shows that defendant touched the female victim while stripping her, and that she felt humiliated as a result. . . . [G]iven the gratuitous and humiliating nature of this behavior by defendant, a finding that defendant subjected the female victim to extreme or prolonged pain or humiliation, and that he did so for the purpose of his own gratification, was supported by the record.

11

Defendant argues that there was no evidence that he intended to humiliate the victims for his own gratification; however, we conclude that this intent can be inferred from defendant's conduct. Defendant also argues that physically stripping the female victim and forcing her to lie on the floor in such a state was not "extreme or prolonged" humiliation. Given the sex of the defendant and the victim, as well as the nature and duration of the offending behavior, such an argument is not supported by the record. Accordingly, the trial court did not err by declining to adjust the score of 50 points for OV 7.

*People v. Brown*, 2013 Mich. App. LEXIS 1619, at *5-6.

Petitioner's challenge to the trial court's scoring is based on state law, and thus habeas relief cannot be granted. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "[f]ederal habeas corpus relief does not lie for errors of state law." *Id.* (quoting *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). Even if the state court erred when calculating Petitioner's score under the state sentencing guidelines, habeas relief could not be granted. Thus Petitioner is not entitled to habeas relief on either his second or fourth claim.

12

### c. Ineffective assistance of counsel claim

Petitioner argues that trial counsel was constitutionally ineffective for failing to object at his original sentencing to the fifty-point score under OV 7. (Dkt. 1 at 29-31.) The Michigan Court of Appeals addressed and denied this same claim on the merits:

> Defendant has failed to demonstrate that he received ineffective assistance of counsel because . . . the trial court did not err by scoring 50 points for OV 7, and defense counsel is not required to make futile objections. [*People v. Milstead*, 648 N.W.2d 648 (Mich. Ct. App. 2002)]. Moreover, this Court granted defendant a remand for the purpose of filing a motion for resentencing, . . . which defendant filed. The trial court denied defendant's motion, issuing a written opinion specifically finding that defendant physically assisted in stripping the female victim and that his actions inflicted extreme or prolonged humiliation for his own gratification. Thus, it is clear that defense counsel's failure to object did not affect the outcome of the proceedings.

*People v. Brown*, 2013 Mich. App. LEXIS 1619, at *7.

To establish a constitutional violation due to ineffective assistance of counsel, a defendant must show that "counsel's performance was deficient," and that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must prove that "there is a

13

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. Relevant here, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012) (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)). Because the Michigan Court of Appeals already reached the merits of this same claim, Petitioner "must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner is unable to establish the second prong, because, as set forth above, the trial court actually considered the issue on remand and found that the scoring of OV 7 at sentencing was correct. If "one is left with pure speculation on whether the outcome of the trial or the penalty phase could have been any different," there is "an insufficient basis for a successful claim of prejudice." *Baze v. Parker*, 371 F. 3d 310, 322 (6th

14

Cir. 2004). Because Petitioner has not established that the state trial court judge would have imposed a lesser sentence had the judge considered an objection at the time of sentencing, Petitioner fails to show that he was prejudiced. *See Spencer v. Booker*, 254 F. App'x 520, 525-26 (6th Cir. 2007). Moreover, even if the Court disagreed with the Michigan Court of Appeals, that court's application of *Strickland* was not *unreasonable*. Thus Petitioner is not entitled to relief on his third claim.

## IV.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is denied.

In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

15

This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). In this case, reasonable jurists would not debate that the petition should have been resolved in a different manner. Thus the Court denies a certificate of appealability.

A court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)). "'Good faith' merely requires showing that the issues are arguable on the merits; it does not require a showing of probable success." *Id.* at 765. An appeal here could not be taken in good faith because Petitioner fails to raise any claim that is arguable on the merits under the AEDPA standard of review. The Court therefore declines to grant Petitioner leave to proceed *in forma pauperis*.

For the foregoing reasons, the Court denies the petition for a writ of habeas corpus, denies a certificate of appealability, and denies leave to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated: January 29, 2016          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2016.

                                 s/Felicia M. Moses
                                 FELICIA M. MOSES
                                 Case Manager

17