# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Ervin Brown,

                    Petitioner,          Case No. 14-cv-14771

v.                                       Judith E. Levy
                                         United States District Judge
Steven Rivard,

                                         Mag. Judge Elizabeth A. Stafford
                    Respondent.

_____/

### OPINION AND ORDER CONSTRUING PETITIONER'S "(INSTANTER) PETITION FOR PERMISSION, OR LEAVE TO APPEAL" AS A FEDERAL RULES OF APPELLATE PROCEDURE RULE 4(a)(5) MOTION FOR EXTENSION OF TIME AND GRANTING THE MOTION  [13]

On January 29, 2016, this Court entered an opinion and order denying the petition for writ of habeas corpus and separately entered judgment.  (Dkt. 11; Dkt. 12.)  On March 30, 2016, Petitioner's "(Instanter) Petition for Permission, or Leave to Appeal," Notice of Appeal, and Application to Proceed *In Forma Pauperis*, all dated March 24, 2016, were entered on the Docket.  (Dkt. 13; Dkt. 14; Dkt. 15.) Petitioner's Application to Proceed *In Forma Pauperis* was denied on April 6, 2016.  (Dkt. 17.)

On June 29, 2016, the Court of Appeals remanded the case for consideration of the "(Instanter) Petition for Permission, or Leave to Appeal." (Dkt. 18.)  As noted by the court, Petitioner "appears to offer an excuse as to why his notice of appeal was filed late," and because that "document was filed within the time for filing a Federal Rule of Appellate Procedure 4(a)(5) motion for an extension of time," this Court must determine whether it "should be treated as a Rule 4(a)(5) motion for an extension of time and, if appropriate, [rule] on the motion."  (Id.)

The "(Instanter) Petition for Permission, or Leave to Appeal" should be treated as a Rule 4(a)(5) motion for an extension of time. Petitioner is *pro se*, and although he styles the motion as a "petition" under Rule 4(b), he "alleges a timeline that might satisfy the conditions of Rule 4(a)[(5)]."  *See Bassir v. United States*, No. 14-2583, 2015 U.S. App. LEXIS 2550, at *2 (6th Cir. Feb. 10, 2015) (construing a late notice of appeal as a Rule 4(a)(6) motion to reopen the appeal period) (citing *Sanders v. United States*, 113 F.3d 184, 187 n.5 (11th Cir. 1997) ("Construing a *pro se* litigant's late notice of appeal as a Rule 4(a)(6) motion satisfies that Rule's requirement for a motion.")).  The Sixth Circuit construes a late *pro se* notice of appeal itself as a Rule 4(a)

2

motion in some circumstances. *See id.* Petitioner's separately filed "(Instanter) Petition for Permission, or Leave to Appeal" should also be construed as such.

Under Rule 4(a)(5), this Court's authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual thirty days is set forth as follows:

> (A) The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause. . . .

Fed. R. App. P. 4(a)(5).

The motion was timely filed in accordance with Rule 4(a)(5)(A)(i). The judgement was entered on January 29, 2016. The notice of appeal was therefore due on or before February 29, 2016. Even though the Rule 4(a)(5) motion was *entered* on March 30, 2016, thirty-one days after the time prescribed by Rule 4(a)(1), Petitioner is not an e-filer and had signed the motion on March 24, 2016. On balance, the Court finds

3

that Petitioner "move[d] no later than 30 days after" the time to appeal expired on February 29, 2016.

And Petitioner has shown "good cause." To determine whether the failure to file a timely notice of appeal is excusable the Court must consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co., v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388 (1993). Good cause should be found when forces beyond the control of the petitioner prevented him from filing a timely notice of appeal. *See, e.g., Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000).

Petitioner did not receive the opinion and order or judgment until February 25, 2016 (see Dkt. 13 at 2) because the documents were mistakenly mailed to the wrong address and were otherwise delayed in reaching Petitioner, which was not in his control. (*See also* Dkt. text entries dated January 29, 2016, and February 10, 2016.) And Petitioner notes that because he is *pro se* and it took him additional

time to correspond with others in preparing his appellate materials, he could not meet the deadline.

The risk of prejudice to the nonmoving party is low, especially given the nature of the appeal in this case. And given the strictures of the rule, the length of the delay is necessarily short; here, only thirty days. Because Petitioner has shown good cause for why he was unable to file his notice of appeal within the original deadline and then timely moved for an extension of time under Rule 4(a)(5), his motion (Dkt. 13) is GRANTED.

Petitioner filed his notice of appeal at the time he filed the Rule 4(a)(5) motion. (Dkt. 14.) Pursuant to this order, the notice of appeal was timely filed. *See, e.g.*, *Salaam v. Adams*, No. 9:03-CV-517 (LEK/GHL), 2007 U.S. Dist. LEXIS 4736, at *3 (N.D.N.Y. Jan. 23, 2007) ("[Plaintiff]'s Motion for an extension of time within which to file a notice of appeal is hereby granted. Accordingly, Plaintiff's notice of appeal, already filed with this Court . . . , shall be accepted and forwarded to the United States Court of Appeals . . . .")

IT IS SO ORDERED.

Dated: July 1, 2016                     s/Judith E. Levy
Ann Arbor, Michigan                     JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager